IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL PENN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3083 |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION DENYING MOTION TO REMAND**

**I.   Background**

Carol Penn sued Home Depot in Texas state court on August 19, 2013. (Docket Entry No. 1, Ex. B–2). She alleged that while visiting a Home Depot store on August 24, 2011, a large rolled-up rug fell from an upper shelf and landed on her neck and shoulders, causing injury. (*Id.*, Ex. B–2 at 2). In her state-court petition, she sought "actual damages within the jurisdictional limits of this Court not to exceed the amount of $74,500." (*Id.*, Ex. B–2 at 3). She alleged damages for past and future physical pain, physical impairment, mental anguish, medical expenses and lost earnings, and other damages caused by Home Depot's alleged negligence. (*Id.*). On October 7, 2013, Penn served Home Depot with "Plaintiff's Responses to Home Depot's Rule 194 Disclosures." (*Id.*, Ex. C). These Responses stated for the first time that Penn was seeking $49,577.70 in past medical expenses. (*Id.*, Ex. C at 3–4). Penn attached to her Responses to the Rule 194 Disclosures copies of medical records showing that after the accident, she underwent an MRI and CT scan and EMG testing of her neck, and that she was treated for neck and back injuries. (Docket Entry No. 4, Ex. 3; *id.*, Ex. 8 at 8). These medical records stated that her injuries had produced, among other things,

constant pain that radiated from her neck into her arms and caused weakness, numbness, and loss of range of motion. (*Id.*, Ex. 8 at 8). The treatment she received included extensive physical therapy and surgery. (*Id.*; *id.*, Ex. 5 at 3–12). She also attached billing records showing that although the amount billed was $49,577.70, (Docket Entry No. 1, Ex. C at 3–4), she and her insurer paid only $9,225.12, (Docket Entry No. 4 at 3).

Home Depot removed within 30 days after receiving the Responses to the Rule 194 Disclosures, based on diversity jurisdiction under 28 U.S.C. § 1332. (Docket Entry No. 1). Penn has moved to remand. She asserts that because Texas law allows her to recover only medical expenses that she and her insurer actually paid, she cannot recover more than $9,225.12 in past medical expenses, and therefore the jurisdictional amount is not met. (*See* Docket Entry No. 4 at 3–4). Home Depot responds that Penn's Responses to the Rule 194 Disclosures, the nature of the damages sought in the petition, and Penn's counsel's refusal to stipulate to recovering less than the jurisdictional amount, all support denying the motion to remand.

Based on the pleadings, the motion and response, the parties' submissions, and the applicable law, this court denies the motion to remand. The reasons are explained below.

## II.     Discussion

The amount in controversy requirement is met if "'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].'" *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (brackets in original).

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court

2

> must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached.

*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998) (internal citations omitted).

If the value of the claims is not apparent from the face of the plaintiff's complaint, a defendant "'may support federal jurisdiction by setting forth the *facts*—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'" *Garcia*, 351 F.3d at 639 (quoting *Allen*, 63 F.3d at 1335) (alterations in the original); *see also H & D Tire and Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 n.2 (5th Cir. 2000) ("When a case is removed and the complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met.").

In her original petition, Penn did not include a specific damages amount. She stated instead that "she suffered actual damages . . . not to exceed the amount of $74,500.00. (Docket Entry No. 1, Ex. B–2 at 3). Under 28 U.S.C. § 1446(c)(2), when removal is sought on the basis of diversity of citizenship under § 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." The statute also states that the demand in the pleading will not control if "the State practice . . . does not permit demand for a specific sum." 28 U.S.C. § 1446(c)(2)(A)(ii).

Home Depot did not remove based on the initial pleading, but rather on the basis of Penn's Responses to the Rule 194 Disclosures. The fact that Penn stated in her petition that she sought

3

damages up to an amount just below the jurisdictional amount does not resolve the removal issue. When, as here, the initial pleading does not control, § 1446(c)(2)(B) provides that removal is proper if the jurisdictional amount in controversy is supported by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B) (providing that "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).").

"The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance*, 134 F.3d at 1254 n.13. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen*, 63 F.3d at 135). A court must evaluate the facts supporting jurisdiction at the time of removal. In *Gebbia v. Wal–Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000), the Fifth Circuit made it clear that while postremoval affidavits, stipulations, or amendments reducing the amount in controversy will not divest a court of the jurisdiction it had at removal, postremoval affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal.

In *Gebbia,* the Fifth Circuit affirmed the district court's denial of a motion to remand. In the initial complaint filed in state court, the plaintiff did not demand a specific amount of damages. *Id.* at 881. After the defendant removed, the plaintiff moved to remand and included an affidavit stating that the amount in controversy was not met because he was unable to confirm the damages amount he claimed. *Id.* at 882. The district court denied the motion. *Id.* Later, in the pretrial order, the

plaintiff stipulated that his damages were less than $75,000, and moved for the court to reconsider its previous decision not to remand the action. The district court once again denied remand. *Id.* On appeal, the Fifth Circuit first acknowledged that because Louisiana law prevents pleading the exact amount of damages a plaintiff seeks, the defendant bears the burden to prove the amount in controversy by a preponderance of the evidence. *Id.* The Fifth Circuit affirmed the district court, reasoning that "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* at 883. Because the nature of the plaintiff's claims made it "facially apparent" that the damages exceeded $75,000, the "district court properly disregarded the plaintiff's post-removal affidavit and stipulation for damages less than $75,000." *Id.*

Home Depot emphasizes the nature of the claims, Penn's Responses to the Rule 194 Disclosures, and Penn's counsel's refusal to stipulate that the amount in controversy is less than $75,000. Penn argues that her past medical expenses should not be considered to be $49,577.70 for jurisdictional purposes, because that was just the amount she was billed. Rather, she claims that her past medical expenses are $9,225.12 for jurisdictional purposes—the amount she and her insurer paid. Penn relies on *Haygood v. De Escabedo,* 356 S.W.3d 390 (Tex. 2011), a case where the Texas Supreme Court held that under Texas law, including the collateral source rule and § 41.0105 of the Texas Civil Practice and Remedies Code, a plaintiff could not recover full "list" prices for medical services when a health care provider has agreed to accept payment of lower reduced rates by virtue of contracts with insurance carriers and Medicare and Medicaid regulations. *Id.* at 399–400. The Court held that § 41.0105 limits a plaintiff's recovery to medical expenses that "have been or will be

paid, and excludes the difference between such amount and charges the service provider bills but has no right to be paid." *Id.* at 396–97. While Penn correctly notes the effect of *Haygood* on her ability to recover past medical expenses, federal removal jurisdiction is not divested as a result.

As noted, Penn attached to her Responses not only the billing records, but also medical records showing that after the accident she underwent a MRI and CT scan and EMG testing of her neck and was treated for neck and back injuries through extensive physical therapy and surgery. (Docket Entry No. 4, Ex. 8 at 8; *id.*, Ex. 5 at 3–12). The records showed that she suffered significant ongoing pain and physical limitations as a result of the accident. She claimed, in addition to past medical expenses, unspecified damage amounts for: (1) future medical expenses; (2) past and future physical impairment and physical pain; (3) past and future mental anguish; and (4) past and future loss of earnings. (Docket Entry No. 1, Ex. C at 3). Such claims for damages clearly support an amount in controversy exceeding $75,000. Added to this is Penn's counsel's refusal to stipulate to an amount in controversy below the jurisdictional threshold. Under Fifth Circuit precedent, such a stipulation would establish with legal certainty that the amount in controversy is jurisdictionally insufficient. *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995). A refusal to stipulate to the amount of damages is a factor in determining the amount in controversy. *See, e.g.*, *Johnson v. Dillard Dept. Stores*, 836 F.Supp. 390, 394 (N.D. Tex. 1993) (treating a refusal to stipulate to damages below the jurisdictional amount as a factor weighing in favor of denying remand, but insufficient by itself to deny remand); *Cox v. Liberty Mut. and Credit Collection Servs.*, No. 3:10–CV–1956–M, 2011 WL 98374, at *2 (N.D. Tex. Jan.12, 2011) (considering the plaintiff's refusal to stipulate to damages below the jurisdictional amount as a factor in determining if the amount in controversy was met, but noting that the refusal to stipulate is not by itself sufficient to

deny remand)

In light of the Penn's ambiguous pleading; the nature and extent of the damages she sought; as well as her refusal to stipulate that the amount in controversy is below the jurisdictional threshold, the court finds that Home Depot has shown by a preponderance of the evidence that the amount in controversy is in excess of the jurisdictional threshold of $75,000.  *See St. Paul Reinsurance*, 134 F.3d at 1253–54.

### III.    Conclusion

The motion to remand is denied.

SIGNED on December 30, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge